UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRIE M. PICKETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:14-cv-00624-TAB-SEB |
| | ) |
| CAROLYN COLVIN, | ) |
| AS ACTING COMMISSIONER OF THE | ) |
| SOCIAL SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES
UNDER THE EQUAL ACCESS TO JUSTICE ACT**

Before the Court is Plaintiff's application for $ 16,745.32 in attorney's fees and $420.73 in costs under the Equal Access to Justice Act for prevailing against the Commissioner in this Social Security disability case. [Filing No. 35.] The Commissioner does not object to the Court awarding reasonable fees to Plaintiff but objects to the amount. [Filing No. 36.]

EAJA requires the Court to award attorney's fees and costs to Plaintiff for prevailing against the Commissioner unless the Court determines that the Commissioner's position was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "In order for the Commissioner's position to be substantially justified, it must have reasonable factual and legal bases, and there must exist a reasonable connection between the facts and her legal theory." *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). The Commissioner has the burden of proving substantial justification for her positions both before and during litigation. *Id.* A position may be substantially justified, even if the ALJ's decision "turn[ed] out to be completely wrong" or "offer[ed] merely a cursory and inadequate

analysis of an important point." *Bassett v. Astrue*, 641 F.3d 857, 859-60 (7th Cir. 2011). The question of substantial justification is left to the discretion of the district court. *Id.* at 859.

Here, the Commissioner takes no issue with Plaintiff's assertion that the Commissioner's position was not substantially justified, and so the Court finds that an award is appropriate under EAJA. Instead, the Commissioner objects to Plaintiff's fee request, alleging the number of hours for which he seeks compensation is not reasonable. The Commissioner argues that a reasonable amount of time for Plaintiff's fees is between thirty to forty hours. Plaintiff counters that 88.4 hours is reasonable.

The Court agrees with Plaintiff. The Commissioner relies on *Akhteebo v. Astrue*, 1:07-cv-1093 (N.D. Ill., July 23, 2008), but that case is distinguishable. The *Akhteebo* court found that 38.5 hours was sufficient for reviewing a 356-page record and drafting briefs. *Id.* slip op. at 5 (finding the case involved "a relatively short record and nothing beyond the traditional briefs and reply"). Here, Plaintiff points out that the record is 1,565 pages—almost five times longer than in *Akhteebo*. While Plaintiff similarly prepared a brief and reply brief, unlike *Akhteebo*, Plaintiff also was represented at an oral argument. As Plaintiff explains, *Akhteebo* did not involve such a large record or an oral argument. As such, Plaintiff's total billable hours of 88.4 hours are reasonable.

The Commissioner concedes that over 40 hours of preparation for the reply brief was not extraordinary in this case. Plaintiff's 18-page reply brief was replete with citations to the record, and the findings she included in the brief were time consuming. However, the Commissioner does take issue with the time Plaintiff expended reviewing the notice of award granting benefits based on a subsequent application that Plaintiff filed with the agency. Plaintiff argues that the time was spent to review 567 pages of the record in an effort to determine whether a remand was

warranted without the need for oral arguments. Even though the case proceeded to oral argument, Plaintiff found that it was necessary to advance the litigation. The Court agrees that this is reasonable and therefore finds Plaintiff should be compensated for this time.

The Commissioner bears the ultimate burden of proving that her position was substantially justified. *Id*. slip op. at 2 (citing *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994)). Here, the Commissioner has not provided convincing arguments to counter Plaintiff's assertions that her time was reasonably spent. Thus, the Court finds that an award of 88.4 hours to Plaintiff appropriate under EAJA. *See e.g., Jamerson v. Colvin*, No. 1:12-CV-01147-RLY, 2013 WL 6119245, at *2 (S.D. Ind. Nov. 21, 2013) (finding 61.1 hours reasonable); *Schupbach v. Bowen*, 673 F. Supp. 941, 945 (N.D. Ind. 1987) (finding 77.2 hours reasonable); *Burris v. Heckler*, 598 F. Supp. 573, 575 (N.D. Tex. 1984) (finding 79.75 hours reasonable).

Accordingly, the Court grants Plaintiff's petition for fees and costs [Filing No. 35] in the amount of $ 17,219.97, pursuant to EAJA, 28 U.S.C. § 2412.[1]

Date: 12/11/2015

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all counsel of record via CM/ECF.

---

[1] This amount includes the $479.90 in costs requested by Plaintiff. [Filing No. 38.]

3